UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| BRAD S. BROWN, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO. 3:17CV708-PPS/MGG |
| SUPERINTENDENT, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Brad Brown, a state prisoner, filed a habeas petition challenging his convictions and 12-year sentence for domestic battery and robbery resulting in bodily injury. ECF 1. Before considering the merits I need to ensure that the Brown has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). One component of the exhaustion requirement is that the petitioner has to have fairly presented "his federal claims to the state courts." *Lewis*, 390 F.3d at 1025-26 . This means that the petitioner must have asserted "his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Id*. This includes seeking review even if the review is discretionary rather than mandatory. *Id.* Until exhaustion has occurred, federal habeas relief is not available. *Id.*

Here, Brown admits that he did not attempt to transfer his direct appeal to the Indiana Supreme Court. He also admits that his post-conviction petition remains pending in the State trial court. ECF 1 at 1-2. Therefore, he has not yet exhausted his

State court remedies. Until he does so, he cannot obtain federal habeas relief. 28 U.S.C. § 2254(b)(1)(A). Accordingly, the petition will be dismissed, but the dismissal will be without prejudice to his right to file a new petition after exhausting his available state court remedies.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, Brown's one-year limitations period to file in federal court began to accrue on March 30, 2014, after his time to file a petition to transfer his direct appeal with the Indiana Supreme Court expired. Ind. R. App. P. 57(C)(1). However, his limitations period was tolled 129 days later, upon his filing of a post-conviction relief petition on August 6, 2014. This petition remains pending in the Circuit Court of Wells County. Brown will have 236 days to file a federal habeas corpus action after the completion of his State post-conviction relief proceedings. Therefore, dismissing this petition will not effectively end his chance at habeas corpus review because he will have ample time to return to this court after he exhausts his claims in State court. Thus, in this case a stay would not be appropriate.

Finally, pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was

correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging him to proceed further in federal court until he has exhausted his claims in State court. Thus, a certificate of appealability must be denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

ACCORDINGLY:

(1) Brad Brown's petition (ECF 1) is **DISMISSED** pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES because the claims are unexhausted;

(2) Brad Brown is **DENIED** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) Brad Brown is **DENIED** leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3).

SO ORDERED on October 17, 2017.

    /s/ Philip P. Simon  
Judge  
United States District Court